

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

November 5, 2024

**BY ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Gregory Gumucio, et al.*, 23 Cr. 595 (JPC)

Dear Judge Cronan:

    The Government writes, jointly on behalf of the Government and the defendant, in response to the Court's October 23, 2024 order directing the parties to brief whether defendant Gregory Gumucio's plea was legally sufficient, particularly with respect to the "overt act" element of the offense, and whether any further allocution is necessary.  (Dkt. 192).  For the reasons set forth below, the parties respectfully submit that the defendant's plea was sufficient and no further allocution is necessary.

    A.    **The Defendant's Plea**

    On November 16, 2023, the defendant waived indictment and was arraigned on a one count Information charging him with conspiracy to defraud the Internal Revenue Service ("IRS"), in violation of Title 18, United States Code, Section 371.  (Dkt. 149).  On October 4, 2024, the defendant appeared with counsel to plead guilty to the Information.  The Court conducted a careful plea proceeding during which, among other things, the defendant under oath confirmed that he had adequately consulted with counsel and was satisfied with counsel's representation (Transcript of October 4, 2024 Plea Proceeding ("Plea Tr."), at 5, 17, 22); that his mind was clear and that nothing impaired his ability to make judgments or decisions on his own behalf (*id.* at 5-6); that he understood his right to plead not guilty and his rights at trial (*id.* at 6-10); that he understood the charge against him and the penalties to which he is exposed (*id.* at 11-16); that he understood the terms of his plea agreement (*id.* at 11, 18-22); that, apart from the plea agreement, the defendant had not received any promises or inducements to plead guilty (*id.* at 22); and that no one had threatened or forced him to plead guilty (*id.*).

    With respect to his allocution, the defendant confirmed: (1) that there was an agreement between the defendant and others to not pay taxes due to the IRS from 2012 to 2020, the purpose of which was to defraud the IRS (*id.* at 23); (2) and that he joined that agreement "voluntarily."

(*Id.*).  With respect to an overt act, the defendant initially stated, "I didn't file the taxes." (*Id.* at 24).

The Government then summarized its proof at trial.  As part of that summary, the Government noted that, on January 14, 2014, "the defendant sent a text message to an employee telling the employee to deposit $3,800 of 'guitar cash,' which referred to funds collected from yoga classes into a yoga studio bank account." (*Id.* at 26).  When the Court asked the defendant about this specific overt act, the defendant replied, "I'm sure I probably did that.  I don't recall that specific incident." (*Id.*).  The Court then asked the defendant to specify an overt act.  In response, the defendant stated, "It's accurate that people paid in cash.  It was a donation-based studio.  It was accurate that teachers were paid in cash, and the teachers weren't provided the required tax forms." (*Id.* at 27).  Asked whether the reason for the cash payments was to avoid paying taxes, the defendant said, "No, that won't [sic] the initial—I was copying a model—sorry." (*Id.*).  He continued, "it's accurate that we failed to file tax forms to not pay the taxes." (*Id.* at 27).  After the Government asked the defendant to confirm whether any failures or omissions to pay tax were deliberate efforts, the defendant stated that, on multiple occasions, "I deliberately did not file tax returns to avoid paying taxes." (*Id.* at 28).  The Government also confirmed, without opposition, its understanding that the defendant did not dispute the January 14, 2014 overt act that the Government put on the record. (*Id.*)  Prior to the Court's accepting the defendant's plea, both counsel agreed that the defendant's allocution was sufficient.  (*Id.*).

### B. Applicable Law

#### 1. *Elements of Conspiracy to Defraud the IRS*

The charged crime—conspiracy to defraud the IRS, in violation of 18 U.S.C. § 371—has three elements: (1) the existence of an agreement by two or more persons to defraud the IRS; (2) the defendant's knowing and voluntary participation in the conspiracy; and (3) the commission of an overt act in furtherance of the conspiracy.  *See United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003).[1]  "To constitute an overt act for purposes of the statute of limitations the act must involve some affirmative conduct or deliberate omission." *United States v. Ben Zvi*, 242 F.3d 89, 97 (2d. 2001); *accord United States v. Rutigliano*, 790 F.3d 389, 401 (2d Cir. 2015) (concealing a material fact from a victim constituted a deliberate omission that constituted an over act).  While the "mere failure to disclose income would not be sufficient to show the crime charged of defrauding the United States, more active concealment of income by making false entries in books and records, submitting false documents to the IRS, and taking other affirmative acts to impede and obstruct the Treasury Department in the collection of income taxes satisfied a general charge of conspiracy to defraud." *United States v. Willner*, No. 07 CR. 183 (GEL), 2007 WL 2963711, at *5 (S.D.N.Y. Oct. 11, 2007) (citing *United States v. Klein*, 247 F.2d 908, 915-918 (2d Cir. 1957).

---

[1] Unless otherwise indicated, all quotations omit internal quotation marks, citations, and previous alterations.

### 2. *Determining Whether There is a Factual Basis for a Defendant's Plea*

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "There . . . is no specific dialogue that must take place in order to comply with [Rule 11's] requirement that the district court satisfy itself regarding the factual basis for [a] defendant's guilty plea." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999). Rather, the rule "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997).

Accordingly, at a guilty plea, a court is not required to find that the defendant is guilty beyond a reasonable doubt, or even that it is more likely than not that the defendant is guilty. *See United States v. McFadden*, 238 F.3d 198, 200 (2d Cir. 2001). Nor does a district court need to "weigh any evidence or predict what a jury would do with the case." *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998). Instead, "it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

The district court may find a sufficient factual basis for the defendant's guilty plea based on the defendant's admissions at his allocution. *See Irizarry v. United States*, 508 F.2d 960, 968 (2d Cir. 1975) (affirming adequacy of court's Rule 11 inquiry based "solely" on defendant's "admissions at the time of the plea"). "[A] reading of the indictment to the defendant coupled with his admission of the acts described in it [is] a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." *Godwin v. United States*, 687 F.2d 585, 590 (2d Cir. 1982). In addition to the defendant's admissions, district courts may rely on any facts in the record—including facts proffered by the government at the time of the guilty plea—to determine whether there is a sufficient factual basis for the guilty plea. *See United States v. Rodriguez*, 501 F. App'x 86, 91-92 (2d Cir. 2012) (finding that the government's representation were sufficient to establish a factual basis for an element of the offense); *Irizarry*, 508 F.2d at 967 (district court is free to rely on "any facts at its disposal"); *Smith*, 160 F.3d at 121 (holding that the "factual basis of the plea . . . need not be drawn directly from the defendant" and that the "judge may look to answers provided by counsel for the defendant and the government"); *Andrades*, 169 F.3d at 136 (district court may rely on defendant's admissions, information from the government, "or other information appropriate to the specific case"); *Maher*, 108 F.3d at 1529 (pertinent facts may be "culled by the court from the government's proffer or from elsewhere").

### C. The Defendant's Plea Was Legally Sufficient and No Further Allocution Is Necessary

The parties respectfully submit that the defendant's allocution was legally sufficient and that no further allocution is necessary.

*First*, although the Court is not limited to the defendant's allocution in determining whether there is a factual basis of for the plea, *see Maher*, 108 F.3d at 1524, the defendant's allocution

alone satisfied all elements of the offense. He testified that there was an agreement to defraud the IRS, which he voluntarily joined. (Plea. Tr. At 23). With respect to overt acts, he acknowledged that the business accepted cash. While the defendant appeared to state that the "initial" purpose of accepting payments in cash was not to avoid tax (*id.* at 27), the context of the plea makes clear that the defendant did not dispute that *a* purpose of accepting cash payments was to avoid tax. The defendant acknowledged that "it's accurate that people paid in cash," after: (1) the Government proffered that "the defendant and coconspirators operated this yoga business as a cash-based business by discouraging credit card payments and collecting cash payments in tissue boxes at the end of yoga classes" (*id.* at 25) and "concealed the volume of its income by paying its employees in cash or off the books"; and (2) the Court specifically questioned the defendant about an overt act (*id.* at 26-27). Furthermore, the defendant testified to deliberate omissions—which had the effect of concealing income—including that teachers were not provided required tax returns tax forms (*id.* at 27), and that, on multiple occasions, the defendant deliberately did not file tax returns in order to avoid paying taxes (*id.* at 28). Accordingly, on the defendant's statements alone, there is an adequate factual basis for the plea. *Irizarry*, 508 F.2d at 968.

*Second*, in addition to the defendant's allocution, the Government proffered an overt act—the January 14, 2014 text message described above. While the defendant did not specifically recall this text message, he testified under oath that he "probably" sent it, and at no point did he or his counsel object to the government's factual representation. To the contrary, defense counsel expressly acknowledged that there was no reason why the Court should not accept the defendant's plea. (Plea Tr. at. 28). *See United States v. Bombino*, 732 F. App'x 44, 47-48 (2d Cir. 2018) (holding that defendant's express agreement with government's representations at a plea proceeding were not necessary "so long as [the defendant] did not actively contest a fact constituting an element of the offense.") Therefore, the Government's proffer, alone, provides a sufficient factual basis that an overt act was committed in furtherance of the charged conspiracy. *Smith*, 160 F.3d at 121; *Maher*, 108 F.3d at 1524 ("In making its factual basis determination, the court is not required to rely solely on the defendant's own admissions.").

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: /s/
        Rushmi Bhaskaran
        Assistant United States Attorney
        (212) 637-2439

cc: Marne Lenox (by ECF)